IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Roger Hale, *also known as Roger L. Hale*, ) | |
| ) | C/A No. 3: 17-2259-MBS-PJG |
| Plaintiff, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Leon Lott, *In His Individual Capacity*; ) | |
| Earnest Potter, IV, *In His Individual Capacity*; ) | |
| Kevin Coghlan, *In His Individual Capacity*; ) | |
| Garrett Owens, *In His Individual Capacity*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Roger Hale ("Plaintiff") is an inmate currently housed at Kirkland Correctional Institution in Columbia, South Carolina. Plaintiff brings this civil rights action pro se and in forma pauperis against Leon Lott (Sheriff of Richland County, South Carolina); Earnest Potter, IV (sergeant with the Richland County, South Carolina Sheriff's Department); Kevin Coughlan (Deputy with the Richland County, South Carolina Sheriff's Department); and Garrett Owens (Deputy with the Richland County, South Carolina Sheriff's Department). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff filed this action on August 23, 2017. ECF No. 1. In his complaint, Plaintiff alleges that on December 5, 2015, he was "wrongful shot multable times by Richland Co, Sheriff

1

Dept." Id. at 6 (errors in original).[1] Specifically, Plaintiff asserts that he was shot in the stomach, chest, abdomen, buttocks, and leg with an M-16 rifle. Id. at 6-7. Plaintiff further asserts that he suffered "excessive property damage" to his home. Id. Plaintiff brings this action under 42 U.S.C. § 1983, asserting that Defendants violated his Eighth Amendment protection from cruel and unusual punishment.[2] Id. at 5. On September 6, 2017, the Magistrate Judge issued a proper form order, requiring Defendant to bring his complaint into the proper form by September 27, 2017. ECF No. 5. Plaintiff complied. However, starting on March 26, 2018, all documents mailed to Plaintiff were returned to the court as undeliverable.

Defendants filed a motion for summary judgment on July 27, 2018. ECF No. 53. The Magistrate Judge also issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on July 27, 2018, informing Plaintiff of the summary judgment procedures and directing Plaintiff to reply to Defendants' motion within 31 days. ECF No. 54. Plaintiff did not reply.

On August 31, 2018, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's complaint be dismissed with prejudice. ECF No. 60. In her Report and Recommendation, the Magistrate Judge found that Plaintiff had failed to prosecute his case, and had failed to comply with a court order. Id. at 1. The Magistrate Judge found that, pursuant to a prior written warning from the Magistrate Judge, Plaintiff was to keep the court informed, in writing, of any changes in his address. Id. at 1-2. The Magistrate Judge elaborated that failure to

---

[1] While not mentioned in Plaintiff's complaint, Defendants assert that they initially responded to a call involving a domestic dispute with "shots fired" at Plaintiff's residence. ECF No. 53-1 at 1. Plaintiff was believed to be heavily armed and high on drugs. Id. at 2-3. From their vantage point outside of Plaintiff's home, deputies observed Plaintiff stand up with what appeared to be "a semi-automatic pistol." Id. After a brief amount of time, and after shouting profanities at the deputies, Plaintiff fired a gun at them. Id. at 4. At this point, the deputies fired on Plaintiff.
[2] Defendant was not incarcerated at the time of these events. Plaintiff perhaps meant to assert that his Fourth and Fourteenth Amendment rights were violated.

comply with such a warning would be a proper ground for dismissal. Id. (citing Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The Magistrate Judge did not address the merits of Defendants' motion for summary judgment. Id.

On September 27, 2018, Plaintiff's address was updated. ECF No. 65. All of the documents Plaintiff did not receive were therefore re-mailed to Plaintiff on September 27, 2018. ECF No. 66. Those documents included, among others, the Magistrate Judge's Roseboro order and the Magistrate Judge's Report and Recommendation. Id. Plaintiff then filed an objection to the Magistrate Judge's Report and Recommendation on October 17, 2018. ECF No. 67. In his objection, Plaintiff states the following:

> Plaintiff did not fail to abide by the Orders of the Court, either willfully or otherwise. Plaintiff respectfully submits that he was housed at the Richland County Detention Center at the time he filed this action in 2017 however, on or about February 13, 2018, Plaintiff was placed in the custody of the South Carolina Department of Corrections ("SCDC") at the Reception and Evaluation Center ("R&E") at the Kirkland Correctional Institution. Plaintiff, as soon as he could gain access to a mail box under the conditions of confinement, which was on Friday, February 16, 2018, some three (3) days after his arrival at the R & E Center, send a letter to the Clerk of Court for the United States District Court in which he notified the Court of his address change. . . .

Id. at 2 (errors in original).

Plaintiff further argues that he did not receive any correspondence from the court until October 1, 2018. Id.

## II. STANDARD OF REVIEW

**A. Review of the Report and Recommendation**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court reviews de novo only those

3

portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F. 3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

**B. Dismissal**

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissing an action for failure to prosecute is a harsh sanction. Arnold v. Lowe's Home Improvement, LLC., C/A No. 4:08–cv–2617–RBH, 2009 WL 3151862 at *2 (D.S.C. Sept. 24, 2009); see also Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)(holding the power "to prevent delays" must be weighed against strong public policy interest in deciding cases on the merits).

As is the case with dismissal for failure to prosecute, "dismissal with prejudice is a harsh sanction which should not be invoked lightly. . . ." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). In order to determine if a case should be dismissed with prejudice, the Court of Appeals for the Fourth Circuit has established the following factors for courts to weigh: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)(citing Davis, 588 F.2d at 70; Reizakis, 490 F.2d at 1135).

4

## III.    ANALYSIS

Plaintiff represents to the court that he wishes to continue to pursue his case. Specifically, Plaintiff contends that he attempted to comply with the Magistrate Judge's order that he update his address, but was prevented from doing so due to changing conditions of confinement. It appears that Plaintiff's responsibility in his lack of compliance is minimal. Furthermore, it does not appear that Defendants were prejudiced by Plaintiff's inaction. There is not a drawn out history on proceeding in a dilatory fashion; in fact, Plaintiff proceeded according to court rules until his address changed. The court need not impose a sanction. The court therefore finds that because Plaintiff wishes to prosecute his case, and because dismissal of Plaintiff's case with prejudice for failure to prosecute would constitute a harsh sanction, this matter should not be dismissed on these procedural grounds.

## IV.    CONCLUSION

The court declines to adopt the Magistrate Judge's Report and Recommendation. This matter is recommitted to the Magistrate Judge for further pretrial handling, including the re-issuance of a Roseboro order.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: January 4, 2019

Columbia, South Carolina