IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Roger Hale, *also known as Roger L. Hale*, | ) |
| | ) C/A No. 3: 17-2259-MBS-PJG |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| Leon Lott, *In His Individual Capacity*; | ) |
| Earnest Potter, IV, *In His Individual Capacity*; | ) |
| Kevin Coghlan, *In His Individual Capacity*; | ) |
| Garrett Owens, *In His Individual Capacity*, | ) |
| | ) |
| Defendants. | ) |

On February 11, 2019, Roger Hale ("Plaintiff") filed a letter addressed to the Clerk of Court. ECF No. 82. In his letter, Plaintiff states that he is "not able to go ahead with [his] case cause of [his] health, and [he] can't get the proper lawyer help [he] need[s] for this case while [he is] in prison, so [he is] going to stop the case for now." Id. (errors in original). Because Plaintiff states that he wishes to abandon his case "for now," the court construes Plaintiff's letter as a motion pursuant to Federal Rule of Civil Procedure 41(a)(2). In response, Defendants filed a stipulation of dismissal, also on February 11, 2019. ECF No. 84. Defendants stipulate to dismissal with prejudice. Id.

Rule 41(a)(2) provides "[u]nless the order states otherwise, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). Courts are given discretion in determining whether to dismiss an action with or without prejudice. In Andes v. Versant Corp, the Court of Appeals for the Fourth Circuit held that "[a] plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." 788 F.2d 1033, 1038 (4th Cir. 1986)(quoting Kenrose Mfg. Co. v. Fred Whitaker

1

Co., 512 F.2d 890, 895 (4 Cir.1972)). According to the Fourth Circuit, substantial prejudice involves cases where proceedings are "advanced" and close to trial. Id. (citing Rollison v. Washington National Ins. Co., 176 F.2d 364 (4 Cir.1949)(where a motion under Rule 41(a)(2) was denied after the complaint had been amended three times, a trial date set, and a jury sworn, and the trial judge had decided that plaintiff had not stated a claim)).

In this matter, proceedings have progressed beyond discovery and into the summary judgment stage. Defendants have spent significant time addressing this case. Further, the court has given Plaintiff significant time and multiple opportunities to properly address Defendants' motion for summary judgment. Despite these opportunities, Plaintiff has still failed to properly prosecute this case. Therefore, it appears to the court that dismissing this matter without prejudice would result in significant prejudice to Defendants. The court exercises its discretion and dismisses this action with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: March ___5___, 2019

Columbia, South Carolina